Jeffrey JORDAN and Anita Jordan, Plaintiffs,

v.

Mir Noman KHAN, Defendant.

No. 97 C 0706.

United States District Court,
N.D. Illinois,
Eastern Division.

July 23, 1997.

---

**30**

Michael S. Baird, Stotis & Baird Chartered, Chicago, IL, for Plaintiffs.

Bruce E. Brandwein, Blum & Blandwein, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Jeffrey Jordan and Anita Jordan (collectively "plaintiffs") sue Mir Noman Kahn, ("Khan") for discrimination on the basis of race in violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, ("the Act"). Khan moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### DISCUSSION

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1428 (7th Cir.1996). Plaintiffs were tenants in an apartment building owned by Khan. Compl. at ¶ 5. Khan is Asian–America and plaintiffs are white. Compl. at ¶¶ 1–3. Plaintiffs claim Khan discriminated against them and other white tenants on the basis of race. Compl. at ¶¶ 6–7. Specifically, plaintiffs claim Khan: (1) "provided repair and maintenance services to tenants of Asian or Middle Eastern ancestry while denying the same services to white tenants;" (2) "prohibited the children of white tenants from playing outside or in the common areas of the building, but allow[ed] the children of Asian or Middle Eastern tenants to have the run of the building;" and (3) "verbally abused and harassed [p]laintiffs and their children in

an attempt to get them to move from the building." *Id.* at ¶ 6.

■ Khan argues plaintiffs fail to state a claim because they are white and therefore do not belong to a protected class under the Fair Housing Act. Under the Act, "[a]n aggrieved person may commence a civil action in an appropriate United States district court ... to obtain appropriate relief with respect to [a] discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). "An aggrieved person" includes any person who "claims to have been injured by a discriminatory housing practice." 42 U.S.C. § 3602(i)(1). "A discriminatory housing practice" includes a violation of 42 U.S.C. § 3604. *See* 42 U.S.C. § 3602(f). Under section 3604, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith,, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3602(b). White individuals are not excluded from the definition of "person." *See* 42 U.S.C. § 3602(d). "Race" is not defined. Plaintiffs claim Khan, as their landlord, discriminated against them in the provision of services and facilities in connection with their apartment because they are white. Thus, under the plain language of the Act, plaintiffs state a claim.

No member of this court or the Seventh Circuit has specifically addressed reverse discrimination in the context of the Fair Housing Act.[1] Yet, there is authority suggesting a cause of action for reverse discrimination exists under the Act. First, reverse discrimination is actionable in other civil rights contexts. *See, e.g., McDonald v. Santa Fe Trail Transportation Company,* 427 U.S. 273, 280, 96 S.Ct. 2574, 2578, 49 L.Ed.2d 493 (1976) (reverse discrimination is actionable in the employment context under 42 U.S.C. § 2000e *et seq.*); *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 514 (7th Cir.1993) (reverse discrimination is actionable generally under 42 U.S.C. § 1983). Sec-

---

1. The Seventh Circuit has found membership in a racial minority is one element of a *prima facie* case under 42 U.S.C. § 3604. *See, e.g., Hamilton v. Svatik,* 779 F.2d 383, 387 (7th Cir.1985).

However, the Seventh Circuit made these statements in cases involving minority plaintiffs without any indication that such a requirement applies to all claims under the Act.

ond, a Texas district court held white plaintiffs can recover for reverse discrimination under the Fair Housing Act. *See Miller v. Towne Oaks East Apartments,* 797 F.Supp. 557, 561 (E.D.Tx.1992). In doing so, the *Miller* court relied on *Smith v. Sol D. Adler Realty Company,* 436 F.2d 344 (7th Cir. 1970). In *Smith,* the plaintiffs—one white individual and one black individual—claimed the defendants' refusal to sublet the white plaintiff's apartment to the black plaintiff constituted a violation of 42 U.S.C. § 3604. The district court found the defendants avoided liability because race was not the sole reason for the refusal to sublet. *Id.* at 349. The Seventh Circuit reversed, stating "race is an impermissible factor in an apartment rental decision." *Id.* Although Smith involved racial discrimination against a black, the Seventh Circuit did not limit its statement to minority races. Thus, the *Miller* court found the Fair Housing Act "extends to any situation where a housing decision is based in whole or in part on racial considerations." *Id.*

The Fair Housing Act was designed primarily to benefit members of minority races. *See Otero v. New York City Housing Authority,* 484 F.2d 1122, 1133 (2d Cir.1973). Nevertheless, Congress chose to prohibit discrimination in housing based on "race" in general. Accordingly, Khan has not persuaded the court that the Act must be narrowly construed to permit reverse discrimination.

### CONCLUSION

The motion dismiss is denied. Mir Noman Khan is directed to answer the complaint by August 4, 1997.